Shaw, C. J.
This case is conclusively settled by the opinion of the court in Howard v. Merriam, 5 Cush. 563. The defendant entered upon the premises, under a parol agreement for one year. Such a demise by parol, by force of the statute, Rev. Sts. c. 59, § 29, can give the lessee no higher or greater estate than a tenancy at will. If the agreement to take care of the trees was in the nature of an agreement to pay rent, and the failure to perform the stipulated duty was a neglect to pay rent, the plaintiff had no right of entry, till after fourteen days’ notice to quit; if it was not such a case, then not until after three months’ notice. Rev. Sts. e. 60, § 26. Without one or the other, the plaintiff had no right of entry, and this process will not lie on that branch of the statute, *33 which regulates the rights of landlords and tenants. And it is very clear, from the facts, that here was no forcible detainer within the meaning of the other clause of the same statute, Rev. Sts. c. 104, § 1; for until notice to quit, the plaintiff had no right of entry. Judgment for the defendant.